PEOPLE'S BUILDING & LOAN ASSOCIATION CO. *v.* RUTZ.

1. BILLS AND NOTES—HOLDER IN DUE COURSE—DEFENSES—GOOD FAITH.
    An indorsee of promissory notes, given for the purchase of an alleged defective cash register, is entitled to recover, where it gave value for the paper and was not notified of the existence of the contract of sale and warranty.

2. EVIDENCE—COMPELLING PRODUCTION—SECONDARY EVIDENCE.
    No error was committed by the trial court in refusing to compel the production of the articles of incorporation of a nonresident plaintiff, when it did not appear who had control of

the books, and defendant was permitted to produce secondary evidence of the facts, and the production of the books was not shown to be necessary.

3. Sales—Breach of Warranty—Duty to Give Notice.

An instruction to the jury that the defendant should have given the vendor of the machine an opportunity to remedy any defects, unless they were so inherently serious as to make the attempt useless, did not prejudice the defendant when considered in connection with the evidence that the machine worked properly, and defendant refused to give further opportunity to repair.

Error to Wayne; Murphy, J. Submitted June 16, 1909. (Docket No. 119.) Decided November 5, 1909.

Assumpsit by the People's Building & Loan Association Company against Albert G. Rutz upon certain promissory notes. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Thomas O'Hara,* for appellant.

*John F. Cotter* (*Henry C. Walters,* of counsel), for appellee.

Montgomery, J. This action was brought in justice's court upon eight promissory notes of $10 each, payable to the order of the International Manufacturing Company and signed by defendant. The plaintiff recovered in justice's court, and, on appeal to the circuit, again recovered in a trial before a jury.

The testimony shows that the plaintiff company had the obligations of the International Manufacturing Company for a large amount, and held as collateral notes aggregating in amount a sum equal to those of defendant; that it surrendered these notes, which were about to mature, for the notes of defendant, which had some time to run. The defense to the notes is that they were given upon a purchase of a cash register, with stipulation that, if any of the notes were not paid at maturity, all became

due. The further defense was made that the cash regis‑ter which furnished the consideration for the notes was defective and of little or no value.

The circuit judge submitted the case to the jury upon an instruction which stated that the plaintiff was the holder of these notes in due course of business, but further charged the jury as follows:

"That, however, is not conclusive of the action upon which you are to render a decision. Why not? For this reason: Gentlemen of the jury, it appears that Mr. Rutz in making the purchase signed a written contract for the purpose for the register in question, so that back of the notes which he gave there stood this written contract. Now, there arises for your consideration, first and fore‑most, this question: Did the People's Building & Loan Association know of the existence of that contract? If they did not, then without any further inquiry in the case they are entitled to a verdict at your hands for the full amount due. Your first question should be: Does the evidence in this case satisfy me that the plaintiff here knew of the contract which stood behind these notes? If it did not, then and in that event your labors would be ended, because if the association had no knowledge of the contract, since it is a bona fide holder of the notes, it would be entitled to a verdict for its face value. If, on the other hand, you are satisfied from the evidence that the building and loan association, in advancing the money, and in acquiring the notes which are the basis of this case, did know of the contract which stood behind the notes, then a further question arises; and what is that question? In making a sale of an article of this kind, gentlemen of the jury, there goes with a sale what is called an implied warranty of the article sold. In this case the manufacturing company, when it sold to the defendant this cash register, by the very fact of making the sale impliedly warranted to the defend‑ant that this instrument was reasonably adapted to the uses for which it was sold. There was not a war‑ranty that it was an absolutely perfect instrument, but the law implies, and therefore requires, the seller in making such sale to deliver to the purchaser a machine which is fairly and reasonably adapted to the uses for the purposes for which the buyer purchased it, so that in making the

sale the manufacturing company carried with the sale such an implied warranty. If the plaintiff here, the building and loan association, had knowledge of the contract which stood behind these notes, then the question arises for your consideration: Was the cash register which the manufacturing company sold to this defendant reasonably adapted to the purposes for which the seller represents it to be adapted? If it was so reasonably adapted, then, and in that event, the seller, the manufacturing company, fulfilled the obligation which was resting upon it, and, if it fulfilled the obligations by delivering a machine reasonably adapted to the purposes for which the buyer was to use it, then, of course, the obligation resting upon the manufacturing company was discharged, and the plaintiff would be entitled to a verdict."

It is said in the brief of appellant's counsel that the court erred in holding that the plaintiff was a bona fide holder. As we read the record, there was no dispute about the fact that plaintiff had parted with value, and had become the purchaser of these notes. The limitation placed upon the plaintiff's *bona fides* was certainly as favorable to the defendant as could be expected. In substance, the jury were told that, if the plaintiff had knowledge that there was a contract back of these notes, the plaintiff was chargeable with full knowledge of what that contract contained, and, if the contract had not been performed, the plaintiff could not recover.

Error is assigned upon the refusal of the court to compel the production of the original articles of association of the plaintiff company. The defendant was permitted to produce secondary evidence of the facts sought to be shown by these records. The circuit judge stated that he was not advised who, under the laws of Ohio, has the custody of articles of association, and it is not to us apparent what use could have been made of them if they had been produced. We think no error was committed in this holding.

The same consideration applies to the second and third points argued by defendant's counsel.

Error is also assigned on the instruction given on behalf of the plaintiff to the effect that, unless the machine was so inherently defective that it would be a practical waste of time or useless to try to fix it, the finding must be for the plaintiff, because he did not give the company a chance to repair the machine.  This instruction had a basis in the evidence from the fact that, whenever complaint was made by the defendant that the machine was out of order, the representative of the selling company endeavored to have the alleged defect remedied, and on the last occasion, when defendant ordered the machine taken out, he refused to discuss the fixing of the register with the representative and said he would do nothing more, and gave the company no opportunity to remedy the defects.  This, in connection with evidence showing that the machine worked before the jury, and that the defects claimed did not in fact exist, was sufficient basis for this instruction when modified by the instruction of the court limiting the instruction to defects occurring from the ordinary use of the machine. The court instructed the jury on its own motion that if the jury should find that the instrument was defective, not from ordinary use, but from some inherent trouble, that there was some fundamental defect in its construction or otherwise, then, in that event, defendant would not be called upon to return it to the manufacturer because such defect would not come from ordinary use, but grow out of the construction of the machine itself, and, further, as follows:

" So if you should find that the plaintiff here had knowledge of the contract which stood behind the notes, and you should further find that there was a defect in this register growing out of some inherent defect in its construction or make, then, in that event, your verdict would be for the defendant."

We think this instruction protected the defendant in all his rights.

The requests of the defendant, except so far as covered by the instruction of the court, were not proper, as indicated by the foregoing discussion.

The judgment will be affirmed.

Blair, C. J., and Grant, McAlvay, and Brooke, JJ., concurred.